IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 3:06-cr-535 |
| | ) | |
| v. | ) | **GOVERNMENT'S** |
| | ) | **SENTENCING MEMORANDUM** |
| JASON EDWARD STELLA, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through Assistant United States Attorney Richard D. Westphal, and hereby submits the following memorandum for sentencing in this matter:

**TABLE OF CONTENTS**

I. BACKGROUND.................................................................................................. 2

II. SENTENCING CALCULATION....................................................................... 4

A. Statutory Maximum Sentence ................................................................... 4

B. Sentencing Guidelines Calculation ........................................................... 4

C. The presentence report was correct in assessing Jason Stella a (2) two level specific offense characteristic enhancement under U.S.S.G. § 2G2.1(b)(1)(B) because the offense did involve a minor 15 years old................................................................... 5

D. A Sentence Within the Guideline Range is Appropriate Under 18 U.S.C. § 3553(a) 12

III. GOVERNMENT'S RECOMMENDATION........................................................... 15

**I.     BACKGROUND**

On November 15, 2006, Jason Edward Stella was indicted and charged in three counts with **Count 1**: Coercion and Enticement of a Minor from October 1, 2005 to April 30, 2006, in violation of Title 18, United States Code, § 2422(b); **Count 2**: Extortion by Interstate Communications from April 25, 2006 to April 30, 2006 in violation of Title 18, United States Code, § 875(d); and **Count 3**: Sexual Exploitation of a Minor from February 5, 2006 to February 6, 2006, in violation of Title 18, United States Code, §§ 2256(2) and 2251(a) and (e). (Presentence Report, hereinafter "PSR," ¶ 1) On March 7, 2006, pursuant to a written non-cooperation plea agreement, Stella pled guilt to **Count 3**.

Under the written plea agreement, the parties made the following recommendations on determination of the guidelines level:

> 7.    <u>Sentencing Guidelines - Factors</u>.  The sentence to be imposed is solely within the District Court's discretion, limited and advised by the United States Sentencing Commission Guidelines which apply to this offense, and after consideration of the factors addressed in 18 U.S.C. § 3553(a). The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to, the following:
>
>> a.    the plaintiff and defendant stipulate that U.S.S.G. § 2G2.1 is the applicable guideline and pursuant to § 2G2.2(a)(2), the base offense level is 32;
>>
>> b.    whether offense involved a minor who had attained the age of 12 but not attained the age of sixteen years, and thus subject to a two (2) level increase under § 2G2.1(b)(1)(B) to be determined at the time of sentencing;

  c. the plaintiff and defendant stipulate as a recommendation to the court that for the purpose of producing sexually explicit material, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice or otherwise solicit participation by the minor in sexually explicit conduct, and subject to a two (2) level increase under § 2G2.1(b)(6)(B);

  d. criminal history (prior convictions);

  e. acceptance or lack of acceptance of responsibility, with the parties stipulating as a recommendation to the Court that defendant receive a (2) two level decrease of offense level under U.S.S.G. § 3E1.1(a). This stipulation is based on defendant, as of the date of this agreement, truthfully admitting the conduct comprising Counts 3 and 4, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3. In addition, if defendant falsely denies, or frivolously contests, offense or relevant conduct that the court determines to be true, the defendant has acted in a manner inconsistent with acceptance of responsibility, and the United States Attorney may contest that defendant has accepted responsibility. The government reserves until the time of sentencing any decision on whether to file a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional (1) one level decrease in offense level;

  f. other downward departures; the parties hereby stipulate and agree that defendant will not request any downward departures under authority of *Koon v. United States* or otherwise pursuant to U.S.S.G. §§ 5H1.1-5H1.13, and/or U.S.S.G. §§ 5K2.0 - 5K2.21 and the government will not seek any upward departures; and

  g. forfeiture; the defendant stipulates and agrees that the items referenced in Count 4 of the Indictment shall be forfeited to the government.

(Docket Record, hereinafter "R." 63 at pp. 3-4). Also attached to the plea agreement was a stipulation of facts, Attachment A, which the parties agreed could be used for the purposes of plea and sentencing. (R. at pp. 17-31)

  The presentence report determined Stella's guideline level as a Level 36/Criminal History I = 188-235 months. (PSR at ¶¶ 37-48). Based on information to date, the government

3

will move for the final (1) one level downward adjustment for acceptance of responsibility for a final guideline of Level 35/Criminal History I =168-210 months. Pursuant to statute, Stella has a mandatory minimum of 180 months, so his final guideline range would be 180-210 months. The government did not have any objections to the presentence report. The government will argue that after reviewing the factors outlined in 18 U.S.C. § 3553(a), and giving sufficient weight to the advisory guideline, a sentence within the guideline range is reasonable and no variance is warranted.

## II. SENTENCING CALCULATION

### A. Statutory Maximum Sentence

Stella has pled guilty to a violation of 18 U.S.C. §§ 2251(a) and (e), which carries a mandatory minimum of 15 years imprisonment, and a maximum sentence of 30 years.

### B. Sentencing Guidelines Calculation

In presentence report paragraphs 37-48, Stella's guideline sentence, was calculated as follows:

| | |
|---|---|
| U.S.S.G. § 2G2.1(a) (base offense level): | 32 |
| U.S.S.G. § 2G2.1(b)(1)(B) (victim age 12-16 years old): | +2 |
| U.S.S.G. § 2G2.1(b)(3) (distribution of images): | +2 |
| U.S.S.G. § 2G2.1(b)(6)(B) (ii) (use of computer): | +2 |
| U.S.S.G. § 3E1.1(a) (acceptance of responsibility): | -2 |
| U.S.S.G. § 3E1.1(b) (acceptance of responsibility): | -1* (on govt motion) |
| Total Offense Level: | 35 |

Criminal History Category I

Guideline Sentencing Range: 180-210 months (based on a mandatory minimum 180 month)

C. **<u>The presentence report was correct in assessing Jason Stella a (2) two level specific offense characteristic enhancement under U.S.S.G. § 2G2.1(b)(1)(B) because the offense did involve a minor 15 years old.</u>**

For sentencing purposes, this offense did involve a minor female age 15. Stella argues that the specific offense characteristic enhancement pursuant to § 2G2.1(b)(1)(B) should be limited to the exact time period and conduct of the offense of conviction. The government submits that 18 U.S.C. § 2251(a) does not preclude consideration of conduct prior to the date in the indictment; that conduct in preparation for the offense can be relevant conduct under U.S.S.G. § 1B1.3(a)(1), and that conduct from uncharged and dismissed counts can be used to support this enhancement. For any of these reasons, the presentence report was correct in applying an enhancement under § 2G2.1(b)(1)(B).

18 U.S.C. § 2251(a) in part includes conduct of a person that "persuades, induces, entices . . . a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of this conduct" In this case, Stella obtained a web cam and began his efforts to persuade the female victim to perform sexually explicit conduct while the victim was 15 years old. While the charged count focused on images produced in February 2006, less than two months after the victim turned 16, Stella obtained the needed equipment and began persuading and "grooming" the victim while she was clearly 15 years old.

U.S.S.G. § 1B1.3, Relevant Conduct, states, in part, that specific offense characteristics

5

shall be determined on the basis of "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," that occurred during the commission of the offense, *in preparation for that offense*, or in the course of attempting to avoid detection or responsibility for that offense. *Application Note 1*, highlights that the principles and limits of sentencing accountability under the guideline are not always the same as the principles and limits of criminal liability. Stella's argument that determination of the specific offense characteristic for the age of the victim should be limited to the date of the offense of conviction is contrary to principles of relevant conduct and federal sentencing.

In applying other guideline sections, the Eighth Circuit has affirmed the use of conduct occurring prior to the offense of conviction in determining specific offense characteristic enhancements. In *United States v. Scolaro*, 299 F.3d 956, 957 (8th Cir. 2002), the Eighth Circuit noted that in considering what constituted acts of relevant conduct "in preparation for that offense," under U.S.S.G. § 1B1.3(a)(1)(A)-(B), the plain meaning of this section contemplated conduct taken prior to, and in order to facilitate, the charged offense. Relatedly, in *United States v. Plumley*, 207 F.3d 1086, 1091 (8th Cir. 2000), the Eighth Circuit rejected an argument that conduct occurring before the offense of conviction could not be relevant conduct in determining a specific offense characteristic enhancement.

While the Eighth Circuit does not appear to have reviewed this issue specifically in relation to § 2G2.1(b)(1)(B), the Eighth Circuit has refused to so limit the determination of specific offense characteristics in reviewing a sentencing enhancement after conviction for receipt of child pornography under a related guideline, U.S.S.G. § 2G2.2. In *United States v.*

6

*Stulock*, 308 F.3d 922, 926 (8th Cir. 2002), the Eighth Circuit affirmed application of a specific offense characteristic for child pornography images depicting acts of violence based on conduct outside the facts of the offense of conviction, receipt of child pornography. In *Stulock*, the Eighth Circuit agreed with similar reasoning by the Seventh Circuit in *United States v. Ellison*, 113 F.3d 77 (7th Cir. 1997). *Stulock*, at 926. The Seventh Circuit noted that under U.S.S.G. § 1B1.1, "offense" is defined as "the offense of conviction and all relevant conduct under Section 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context. *Ellison*, at 82. Thus, the Seventh Circuit rejected the defendant's argument that a specific offense characteristic can be applied only if the characteristics described the charged offense, not relevant conduct. *Id*.

While *Stulock* and *Ellison* factually reviewed conduct under § 2G2.2 that temporally occurred contemporaneous with the offense of conviction, it would be contrary to § 1B1.3 and Eighth Circuit reasoning discussed in *Scolaro* and *Plumley* above to read these decisions as narrowly limiting determination of specific offense characteristics only to contemporaneous conduct. Further, *Stulock* and *Ellison* only considered the issue of what constituted relevant conduct "during the commission of the offense of conviction," and not "in preparation for the offense."

Stella has admitted the following conduct as part of the Stipulation of Facts attached to his plea agreement and in the presentence report offense conduct ¶¶ 7-12:

> In October 2005, the female victim met Stella playing Diablo on the internet. In addition to playing the game, The victim and Stella began communicating via Microsoft

7

Network (MSN), America Online Instant Messenger (AIM) and Yahoo. The victim stated that Stella used several screen names including "kendor666." The victim learned that the individual she was contacting was named Jason Stella, was from Pennsylvania, and was 28 years old. The victim told Stella she was 15 years old at the time. The victim reported that Stella learned her first and last name, her high school, where she worked and the town in Iowa where she lived. In approximately November 2005, Stella gave the victim his cell phone number and asked her to call. Stella provided his cell phone number as (570) 234-5786. The victim stated she did call him in December 2005. They began calling each other every night.

      In approximately November 2005, Stella asked the victim if she had a webcam. The victim told Stella that she had a digital camera that could be used as a webcam, but she did not want to use it. The victim stated that Stella continued to ask her and eventually she gave in. A week later, Stella purchased a webcam. Over several months, the victim saw Stella via the webcam. The victim stated it appeared that Stella was in the basement of a house. According to the victim, Stella began bugging her about showing him her body, stating she was "hot," and her body was "really hot." Stella asked her to show her body, claiming it was a matter of trust. The victim stated that Stella repeatedly showed his entire naked body over the webcam and "played with himself." Stella continued "persisting" about seeing her body and wanted to see her "chest" and asked her to "take her shirt off." The victim stated that Stella would show his body to her whether she wanted to see it or not. Stella told the victim that because they "trusted" each other,

8

showing their nude bodies was a way to reinforce that trust.

The victim recalled that Stella masturbated in front of her over the webcam approximately 12 times. The victim stated she saw something come out of Stella's penis on at least one occasion. Stella continued to pressure her to take her shirt off. According to the victim, Stella stated he trusted her enough to show himself, why "don't you trust me." Finally, the victim got tired of Stella asking and took her shirt off, leaving her bra on. Stella responded, "you're really hot." Stella continued to ask her about her chest. The victim stated that she took her shirt off and "flashed him." Stella responded "wow, you're really good looking."

The victim stated that she took her shirt and bra off for Stella approximately four times via the video feed through the digital camera, two to three times while she was still 15 years old. Stella asked her to touch her breasts, and she did. The victim stated that Stella took all his clothes off while on his webcam at least ten times, and would always "touch his penis." The victim stated that Stella asked to see more of her body, and wanted her to take her pants off and show her vaginal area. While they were on the webcam, the victim stated they would talk over the cell phone or over the internet. Stella asked the victim two to three times to have "cybersex," meaning that they would masturbate simultaneously while viewing each other via webcam. She replied, "No." The victim stated that the last time prior to April 28, 2006 she talked to Stella, he stated he was coming to see her in three weeks.

Also, in numerous internet chats from October 29, 2005 to December 10, 2005, Stella repeatedly acknowledged that the victim was only 15 years old, and repeatedly pressured her to discuss sexual topics and engage in sexually explicit conduct over the internet. (PSR, ¶¶ 14(a)-(m)). Stella admitted that he first began to discuss getting the web cam with the victim in November 2005. (Plea Agreement, Stipulation ¶ 3). Stella admitted that the victim had shown him her genital area over the internet web cam. (Plea Agreement, Stipulation ¶ 20). Stella admitted that he had deleted a lot of pictures of the victim from his computer. (Plea Agreement, Stipulation ¶ 19).

Stella engaged in a continuing pattern of escalating conduct designed to persuade the victim to engage in sexually explicit conduct via the internet. This conduct began in October 2005, during a time when the victim was still 15 years old. Stella clearly was aware the victim was 15 years old, and aware of the potential consequences of engaging in a relationship with her. The fact that the victim did not relent in exposing her private and genital areas until February 2006 evidenced the relevance of the prior conduct in persuading her to finally expose herself. It was at Stella's suggestion that the internet video connection was established, again while the victim was 15 years old. Therefore, there is sufficient evidence that in preparation for the offense and pursuant to U.S.S.G. § 1B1.3(a)(1), that this relevant conduct can be used to support the specific offense characteristic enhancement under § 2G2.1(b)(1)(B) that this offense involved a victim 15 years old.

Another manner for the district court to find relevant conduct is to consider Stella's relevant conduct in relation to proposed dismissed counts of the indictment. Although the

government has agreed to dismiss Count 1 of the Indictment, Coercion and Enticement of a Minor from October 1, 2005, and continuing until April 30, 2006, in violation of 18 U.S.C. § 2422(b), this conduct in relation to Count 1 can be considered as relevant conduct in determining the specific offense characteristics. The general elements for a violation of **Coercion and Enticement of a Minor**, Title 18 United States Code § 2422(b) are as follows:

a. Use a facility or means of interstate commerce;

b. To knowingly persuade, induce, entice or coerce;

c. Any individual who has not attained the age of 18; and

d. To engage in sexual activity for which any person can be charged with a criminal offense.

Pursuant to Iowa statute, it is a criminal offense to commit the following:

**Iowa Code § 728.12 Sexual Exploitation of a Minor**

1. It shall be unlawful to employ, use, persuade, induce, entice, coerce, solicit, knowingly permit, or otherwise cause or attempt to cause a minor to engage in a prohibited sexual act or in the simulation of a prohibited sexual act. A person must know, or have reason to know, or intend that the act or simulated act may be photographed, filmed, or otherwise preserved in a negative, slide, book, magazine, computer, computer disk, or other print or visual medium, or be preserved in an electronic, magnetic, or optical storage system, or in any other type of storage system. A person who commits a violation of this subsection commits a class "C" felony. Notwithstanding section 902.9, the court may assess a fine of not more than fifty thousand dollars for each offense under this subsection in addition to imposing any other authorized sentence.

**Iowa Code § 728.1 Definitions:**

As used in this chapter, unless the context otherwise requires:

4. "Minor" means any person under the age of eighteen.
\* \* \*

11

> 7. Unless otherwise provided, "prohibited sexual act" means any of the following:
> * * *
> d. Fondling or touching the pubes or genitals of a person by a minor.
> * * *
> g. Nudity of a minor for the purpose of arousing or satisfying the sexual desires of a person who may view a depiction of the nude minor.

Under Iowa case law, the common meaning of "nudity" does not require total nakedness. *State v. Hunter*, 550 N.W.2d 460, 465 (Iowa 1996). The common meaning of "nudity" includes the exposure of the breasts, buttocks, *or* genitalia. *Id*.

In *United States v. Harris*, 70 F.3d 1001, 1003 (8th Cir. 1995), the Eighth Circuit clearly stated that conduct from uncharged or dismissed counts may be considered by the district court under the guidelines for determining specific offense characteristics, including victim-related and role in the offense adjustments. Stella has admitted and not contested the fact that the female victim exposed her breasts to him via the video feed at least two to three times while she was still 15 years old. (Plea Agreement Stipulation ¶ 5 and PSR ¶¶ 8-10). Therefore, Stella's conduct in relation to Count 1 occurred, in part, while the victim was 15 years old. This additional ground would also support enhancement under § 2G2.1(b)(1)(B) that the offense involved a minor 15 years old.

  **D.**   <u>**A Sentence in the Guideline Range is Appropriate Under 18 U.S.C. § 3553(a)**</u>

In fashioning an appropriate sentence, the district court must first calculate the applicable guidelines sentencing range. *United States v. Haack*, 403 F.3d 997, 1002-1003 (8th Cir.) *cert. denied* – U.S. –,126 S.Ct. 276, 163 L.Ed.2d 246 (2005). The court may then impose a sentence outside the range in order to tailor the sentence in light of the other statutory concerns in

§ 3553(a). *United States v. Gatewood*, 438 F.3d 894, 896 (8th Cir. 2006) (quoting *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)). On appeal, the resulting sentence is reviewed for reasonableness. *Id*. On review, a sentence outside the guideline range is not presumed to be reasonable. *United States v. Wattree*, 431 F.3d 618, 620 (8th Cir. 2005). Absent "exceptional facts," imposition of a sentence that is dramatically lower than that recommended by the guidelines is an abuse of discretion. *United States v. Goody*, 442 F.3d 1132, 1134 (8th Cir. 2006). A defendant may rebut the presumption of reasonableness in certain "highly unusual circumstances." *United States v. Medearis*, 451 F.3d 918, 920 (8th Cir. 2006).

Because the Guidelines are fashioned taking the other § 3553(a) factors into account and are the product of years of careful study, the guidelines sentencing range, though advisory, on review an appellate court can, although it is not bound to, presume a guideline sentence was reasonable. *Gatewood*, 438 F.3d at 896, *United States v. Claiborne*, 439 F.3d 479, 481 (8th Cir. 2006); and *United States v. Shafer*, 438 F.3d 1225, 1227 (8th Cir. 2006) [the United States Supreme Court has granted certiorari in *Claiborne* to address the question of whether it is consistent with *Booker* to require a sentence which is a substantial variance from the guidelines to be justified by extraordinary circumstances, *Clairborne v. United States*, – S.Ct.–, 2006 WL 2187967 (November 3, 2006)]. How compelling the justification for the variance from the sentencing range is proportional to the extent of the difference between the advisory range and the sentence imposed. *See Gatewood*, at 896 (finding a 43 % variance unreasonable); *Claiborne*, 439 F.3d at 481 (finding a 60% variance unreasonable); and *Shafer*, 438 F.3d at 1228 (finding 20% variance unreasonable). An extraordinary reduction must be supported by extraordinary

13

circumstances. *United States v Dalton*, 404 F.3d 1029, 1033 (8th Cir. 2005). Reasonableness of sentences should be reviewed to further the objectives of the Sentencing Reform Act to maintain some level of uniformity in sentencing and to avoid excessive sentencing disparities. *United States v. Malone,* 466 F3d 663, 669 (8th Cir. 2006). Factors that were discouraged or prohibited factors under the mandatory guidelines may be considered in applying the § 3553(a) factors. *United States v. Lazenby*, 439 F.3d 928, 932-933 (8th Cir. 2006).

The position of the United States is that, absent highly unusual and extraordinary circumstances, the sentence in a criminal case should fall within the guideline range as determined by the Court. The Guidelines, aiming to achieve the uniform and appropriate treatment of like crimes, represent the distillation of 15 years of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress. The Guidelines, consisting of offense characteristics and various grounds for departure, address the considerations relevant to sentencing, as articulated in 18 U.S.C. § 3553(a), such as "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ." There are no compelling reasons under § 3553(a) to

sentence Stella outside the guideline range.

### III. GOVERNMENT'S RECOMMENDATION

As set forth in the PSR, with an offense level of 35 and a criminal history category of I, Stella falls within the sentencing range of 180-210 months. The government respectfully recommends that the Court impose a period of incarceration 210 months at the top of this Guidelines range. In addition to the charged conduct, Stella repeatedly persuaded the victim to expose herself via the internet video feed. Stella had specific plans to avoid detection by the minors' parents and come to Iowa for the purpose of having sex with the victim. When Stella was confronted by law enforcement about terminating his relationship with the minor, he responded by posting images of the minor on a open internet site. For the same reasons, under 18 U.S.C. § 3553(a), a sentence at the top of this range would take into account the nature and circumstances of the offense, this history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

WHEREFORE, the government prays that district court consider this sentencing memorandum in determining the final sentence of Stella.

>                             Respectfully Submitted,
>
>                             Matthew G. Whitaker
>                             United States Attorney
>
>
> By:   */s/ Richard D. Westphal*
>       Richard D. Westphal
>       Assistant United States Attorney
>       U.S. Courthouse, Suite 310
>       131 East Fourth Street
>       Davenport, Iowa 52801
>       Tel: (563) 884-7700
>       Fax: (563) 884-7701
>       Email: rich.westphal@usdoj.gov

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon all counsel of record and *pro se* parties by electronic service by filing this document with the Clerk of Court using the ECF system on December 5, 2007, which will send notification to the following:

> B. John Burns
>
> Assistant Federal Defender
>
> B._john_burns@fd.org
>
>
>                         */s/ Richard D. Westphal*
>
>                         United States Attorney's Office
>                         Southern District of Iowa